UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ISRAEL MIRELEZ MENDOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>BACHARA, et al.<br><br>    Defendants. | CASE NO. 1:12-cv-01185-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 5)<br><br>PLAINTIFF MUST RESPOND BY NOVEMBER 14, 2012 |

    Plaintiff Jose Israel Mirelez Mendoza ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    The Court, on July 23, 2012, ordered Plaintiff to either consent or decline Magistrate Judge jurisdiction by August 27, 2012. (ECF No. 3.) Plaintiff failed to respond, and the Court on September 10, 2012, issued another order, this time directing that Plaintiff consent or decline not later than October 15, 2012. (ECF No. 5.) October 15, 2012, has passed without Plaintiff either consenting or declining Magistrate Judge jurisdiction or filing a request for an extension of time to do so.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's September 10, 2012, Order. The Clerk's Office is ORDERED to send Plaintiff another order regarding consent or request for reassignment.

Plaintiff will be given until **November 14, 2012**, **and no later,** or show cause why his case should not be dismissed for failure to comply with a court order. (Filing, before the deadline, of a fully completed and executed consent form will be considered an adequate response to this order to show cause.) He may meet it by **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   October 30, 2012                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE